Cite as: 547 U. S. ____ (2006)          1

# SUPREME COURT OF THE UNITED STATES

JOSE PADILLA *v.* C. T. HANFT, UNITED STATES
NAVY COMMANDER, CONSOLIDATED
NAVAL BRIG

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 05–533.   Decided April 3, 2006

JUSTICE GINSBURG, dissenting from the denial of
certiorari.

This case, here for the second time, raises a question "of
profound importance to the Nation," *Rumsfeld* v. *Padilla*,
542 U. S. 426, 455 (2004) (STEVENS, J., dissenting): Does
the President have authority to imprison indefinitely a
United States citizen arrested on United States soil dis-
tant from a zone of combat, based on an Executive decla-
ration that the citizen was, at the time of his arrest, an
"enemy combatant"? It is a question the Court heard, and
should have decided, two years ago. *Ibid.* Nothing the
Government has yet done purports to retract the assertion
of Executive power Padilla protests.

Although the Government has recently lodged charges
against Padilla in a civilian court, nothing prevents the
Executive from returning to the road it earlier constructed
and defended. A party's voluntary cessation does not
make a case less capable of repetition or less evasive of
review. See *Spencer* v. *Kemna*, 523 U. S. 1, 17 (1998) (the
capable-of-repetition exception to mootness applies where
"(1) the challenged action [is] in its duration too short to be
fully litigated prior to *cessation* or expiration, and (2) there
[is] a reasonable expectation that the same complaining
party [will] be subject to the same action again" (emphasis
added)) (citations and internal quotation marks omitted);
cf. *United States* v. *Concentrated Phosphate Export Assn.,
Inc.*, 393 U. S. 199, 203 (1968) (party whose actions

threaten to moot a case must make "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur"); *United States* v. *W. T. Grant Co.*, 345 U. S. 629, 632–633 (1953) (voluntary cessation of illegal activity will not render case moot unless there is "no reasonable expectation that the wrong will be repeated" (internal quotation marks omitted)).  See also *Lane* v. *Williams*, 455 U. S. 624, 633–634 (1982) (applying "capable of repetition, yet evading review" in a habeas case (internal quotation marks omitted)).  Satisfied that this case is not moot, I would grant the petition for certiorari.